Taxxoe, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The only fact agreed by the pleadings, out of which the question of law now to be decided, arises, is that the Plaintiff’s intestate died before the testator of the Defendant, and that within seven years after administration was granted to the Plaintiff, this suit was brougj.it. The Defendant pleads in bar to the recovery, the act of 1715, ch. 48, the words of which are, “ That creditors of any “ person deceased shall make their claim within seven “ years after the death of such debtor, otherwise such “ creditor shall be forever barred.”
 

 By the common act of limitations, the bar begins when the cause of action accrues; and if the creditor be then living, the statute continues to run, although he should afterwards die intestate, and no administration be taken out upon his effects until more than three years thereafter. In other words, the administrator will not, in such case, bo allowed three years from the time administration is granted, but the bar will be computed from the cause of' action commencing. On the other hand, if money belonging to an intestate’s estate be received by the Defendant
 
 *596
 
 before administration is taken out to the creditor, the administrator will be allowed three years from the time he ^
 
 administers;
 
 because, when the cause of action did accrue, fljCl,e was no person who could bring1
 
 suit.
 

 These principles, after much uncertainty and confusion in the cases, and particularly in abridging them for the elementary books, were at length ably expounded and finally settled, in Hickman v. Walker, and Smith v. Hill.
 
 *
 
 By the very words of the act relied upon in this case, two circumstances must concur to put the bar in operation, to wit, the death of the debtor and the simultaneous existence of a creditor. When creditors are required to make claim within seven years, the existence of creditors is presupposed at the moment from which the bar begins ; and the construction is necessarily excluded, which shall take away the claims of those who shall become creditors after that period. To ail statutes of limitation, the principle has been hitherto applied, that when they begin to run, nothing will stop their operation :
 
 †
 
 and accordingly, if the intestate of the Plaintiff had been alive, when the Defendant’s testator died, the act of 1715 would have attached upon his claim, although no administration had been taken out by the Plaintiff, for more than seven years afterwards. That was the case of M’Clellan’s executors v. Hill’s executors,
 
 ‡
 
 although this Circumstance does not appear in the report. But I have examined the record, and ascertained the fact to be, that Hill died more than a year before. M’Ciellan. That case is, therefore, reconcileahle with
 
 this;
 
 for the act began to run against M’Clellan, then
 
 “ a creditor at es the time of the death of the
 
 debtor.” In this case, there was no creditor when the Defendant’s testator died, nor was any person authorised to make claim, until the Plaintiff administered ; and he having made claim within the time limited by the act, is not affected by the bar. The opinion of the Court is, that the plea of the act of 1715, should be overruled.
 

 *
 

 Hickman v. Walker, Willes 29. Smith v. Hill, 1 Wills. 134.
 

 †
 

 4 Term Rep. 300. Plowd.
 
 355.
 

 ‡
 

 Conference Rep. 479.