Gaston, Judge.
 

 The court is of opinion that the first or the exceptions taken by the defendant in this case is well founded. Rules of evidence, once settled, become rules of law, and cannot be departed from upon theoretic notions of propriety, or the suggestions of expediency. Among these rules, the following, as we believe, are well settled in the country of our ancestors; and we are confident have been regarded as established in this State for the last half century: When the execution of an instrument, attested by one or more subscribing witnesses, is required to be proved, the party propounding it, must call one at least of the subscribing winesses to prove it, or shew that proof, by means of an attesting witness, is not in his power. When this is shewn, the next evidence in the order of proof, is evidence of the handwriting of the subscribing witnesses, or of one of them. — > But if this also be unattainable, then the party producing the instrument is allowed to give evidence of the handwriting of the party by whom it purports to be executed. 1 Stark, on Evid. 320 to 330.
 
 Jones
 
 v.
 
 Brinkley,
 
 1 Hay. Rep. 20—
 
 Jones
 
 v.
 
 Blount,
 
 1 Hay. Rep. 238. Whenever proof of an inferior grade is brought forward, it shall not be received until
 
 the court
 
 is satisfied that proof, superior in order, is not
 
 *72
 
 within the power of the party. Now, it is clearly impossiMe Co My down a precise rule of law as to what circumstances must be shewn to convince the court that the party ten-inferior evidence has done his best to procure the superior evidence. If, therefore, in this case, the Judge below had slated on the record, as a conclusion of fact, which he drew from the testimony submitted to him, that it was not in the power of the plaintiff to procure evidence of the handwriting of the attesting witness — or if the circumstances which he has caused to be there stated, were such as would warrant a reasonable inference that this evidence was unattainable. — .we might well hesitate in reversing this judgment. But the case'neither sets forth such a conclusion as having been drawn, nor will it authorise us to presume that it was in fact drawn by his Honor. The attesting witness, when alive, was the clerk of the county court of a large, populous and wealthy county. He had been dead but twenty-five years before the trial. Not an effort was shewn to have been made in the county of the witness’s residence, to procure proof of his handwriting. So far from their being room to presume that witnesses as to the character of his handwriting could not be had, a doubt could scarcely be entertained but that very many such witnesses were to be found, if reasonable, exertions were but used to discover them.
 

 The second exception, in the opinion of the Court,
 
 must
 
 be overruled. The presumption against a bond, raised from the lapse of twenty years, without a demand by
 
 the
 
 obligee or acknowledgment of the obligor, is, in one sense, a presumption of law. The law attributes to such lapse of time a
 
 technical
 
 operation; so that it is the duty of the Court, if no opposing testimony be offered, to advise the jury to find the fact of payment. But the inference to be raised, is an inference of fact. — liable to be attacked, repelled or confirmed by other testimony. And it is the duty of the triers of the fact, allowing to this technical presumption its
 
 prima facie
 
 force, to find the
 
 fact as
 
 it may appear upon the proofs. • Now, it seems to us, that upon whatever ground this presumption rests; whether upon the probability of the fact of payment thence arising — or on a principle of policy that would shield men
 
 *73
 
 from the oppression of claims long negligently forborne — testimony of the kind and to the effect which was offered in this case, was pertinent and in point. — tending directly to encounter the alleged probability, and to account for the seeming negligence. — and therefore fit tobe submitted to the jury, and proper to influence their finding. We have heretofore declared our concurrence in the opinion expressed by Lord Eldon, in
 
 Fladong vs. Winter,
 
 19 Ves. Jun. 199, “that the presumption raised by a forbearance for twenty years, may be repelled by evidence that the debtor had not the means or opportunity of paying.
 
 Matthews vs. Smith, 2
 
 Dev. & Bat. Rep. 287. Upon further reflection, we entertain the doctrine still; and also, that if such evidence does satisfy the jury that in truth payment has not been made, it is their duty so to find upon the fact in issue. Nor do we think the circumstance relied on by the defendant, is sufficient to withdraw the present case from the operation of this doctrine. The interest in remainder, which the defendant’s intestate had in the negroes bequeathed by his uncle’s will, was, indeed, one which, during the life of his uncle’s widow, might have been applied to the payment of the debt now in suit. But all supposition that it was so applied, is repelled by the fact that
 
 all the negroes,
 
 upon the death of the tenant for life, came to the possession of the defendant. And so, if it could be brought home to the creditor that he knew of this interest in remainder, an inference of negligence, in forbearing, for so many years, from any effort to subject it to his demand, might be raised against him ; but, as the intestate himself forbore wholly, notwithstanding his necessities, from making any use of this interest, it might be that he was ignorant thereof, and still more probable that these creditors knew not of it. How this might be, was a circumstance fit to be considered by the jury-
 

 We are clearly of opinion that the third exception is unfounded. The delivery of the assets of the intestate, by the defendant, to the next of kin, before the expiration of two years from his qualification, and without taking refunding bonds, is not a legal administration of the assets against a creditor. Undoubtedly there are some few — they are very
 
 *74
 
 few — requisitions imposed by pur acts of Assembly, upon the ani^ administrators of deceased persons, whichcannot be performed by, and are manifestly inapplicable to, ^ose whose testators or intestates did not reside amongst us. By-a legitimate construction of the
 
 acts, so tar,
 
 and so fin- only, as these requisitions are impracticable and inapplicable, such executors and administrators are excused therefrom. But, -with this exception, all who here take probate of wills, or obtain letters of administration of the estates of deceased persons, are bound to observe the laws here in force, for the government of executors and administrators.
 

 Upon the last exception, we have felt much perplexity. After every effort, we find it impossible to reconcile to each other the decisions which have been made upon the act of 171-5. (1 Rev. Stat. ch. 65, sec. 11.) The difficülty of admitting any equitable exposition of the act, without a violation of its language, has, at times, caused a strict adherence to its terms. At other times, the shocking injustice resulting from a literal interpretation, has obtained for it an equitable construction, almost in defiance of its words. Under these circumstances, we feel it our duty to consider the latest adjudications as fixing the true principles of the act.
 
 Jones
 
 vs.
 
 Brodie,
 
 3 Murph. Rep. 594, and
 
 Godley
 
 vs.
 
 Taylor,
 
 3 Dev. Rep. 178, have established that the injunction on creditors to make claim within seven years after the death of the debt- or, under the penalty of being utterly barred of any recovery against his estate, does not apply when there is no person in being authorised by law to make the claim — or where the claim itself is in a state not then to be -prosecuted — and these decisions are avowedly made upon the ground that, until there be such a person to make claim, and such a claim as can be prosecuted, there is no cause of action; and the bar of the act of 1715 does not begin to run. Unless this ground be abandoned, it must also be held, that unless there be a person against whom claim may rightfully be made, the bar of the statute does not attach. It is indispensable to the prosecution of a claim, that there should be a person in being, against whom it may of right be demanded, as that there should be a rightful claimant in. existence, to bring it for
 
 *75
 
 ward; or that the claim be of such a nature as that its performan ce may be demanded. The moment it is established that this act is in the nature of an act of limitations, the bar of which does not begin to run until there is a cause of action, that moment it follows, that the want of a representative of the debtor, as well as of a representative of the creditor, takes the case out of the bar of the statute. Cause of action is the right to prosecute an action with effect; and, legally, a cause of action does not exist, until there be a person in existence capable of suing, and also a person against whom the action may be brought. See
 
 Douglas
 
 vs.
 
 Forrest,
 
 4 Bing. Rep. 686; (15 Eng. Com. Law. Rep. 113,)
 
 Murray
 
 vs.
 
 East India Company,
 
 5 Barn. & Ald. 204; (7 Eng. Com. Law Rep. 66,)
 
 Webster
 
 vs.
 
 Webster,
 
 10 Ves. Jun. 93.
 

 For the error assigned by the defendant, in the first exception, the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.