Nash, J.
 

 The action is in assumpsit ojn a promissory note by the endorsee. The general issue was pleaded, but the execution of the instrument admitted. The note was made in Maryland, where the payers lived. To prove the endorsement, a deposition was offered in evidence, which was objected
 
 to,
 
 and several reasons assigned, The
 
 first
 
 was the insufficiency of the notice, in this*, that it notified the defendant that the evidence of two witnesses, whose names were mentioned, “and 'others,” would be taken ; and that neither of the persons, whose names were stated, were examined; but others were, whose names were not stated.
 
 Secondly,
 
 because Ihewitnesses were not examined, on interrogatories; and thirdly, because- the Clerk of the Court, in passing upon
 
 *577
 
 the deposition, had given the defendant, or his counsel, np
 
 particular
 
 notice of the time and place of passing on it. These objections were over ruled. It was then objected, by the defendant, that there was no evidence, that by the laws of Maryland, where the endorsement was made, such an instrument was negotiable. To answer this objection, the plaintiff offered in evidence a paper writing, purporting to be a certified copy of an act of the General Assembly of that ¡átate upon this subject; its reception was opposed, upon the ground that it was not certified according to law. His Honor being of a contrary opinion, it was received. There was a verdict for the plaintiff and the defendant appealed. We concur with his Honor in his opinion, as to the admission of the deposition in evidence. To support his first objection, the defendant’s counsel cited the case of the
 
 inhabitants of Ninnot against the inhabitants of Bridgewater,
 
 16th Mass. Rep. 472. We do not consider this case as an authority, by which we can be governed or even assisted, in our present enquiry. The Court, in that case, place their decision upon the statute law of the State. Their language is, "the. Court being of opinion, that the notice required by
 
 statute
 
 was not sufficient, unless it contained the name of the person, whose deposition was to be taken.” There, the notice contained the names of several persons, and nothing more as to any others. Now, it may be, that the statute of Massachusetts requires, in so many words, that the names of all the persons, whose depositions are to be taken, shall be set forth in the notice. If so, the deposition in that case could not be used, as the individual, whose testimony was taken, was not named in the notice. Be this, however, as it majq the Court, professedly, only gave their
 
 construction
 
 of the statute, and no doubt gave a sound one. But to make it bear upon our decision, or to assist us in placing a sound construction on our statute — it is not sufficient, that the statutes are in
 
 pari materia ;
 
 it was the,
 
 *578
 
 duty of the defendant, to show by proper evidence, that their direction's and provisions are the same. This he has not done. Nor do the Court, in their decision, name the statute, so as to enable us to examine it and see how far it corresponds with our act. In the different States, the practice in their several Courts is regulated, mostly, by their own statutes and usages, and it would be unsafe in putting a construction upon our statute, to be governed by that put upon a similar one in a sister State, without knowing what its provisions are. But there is another reason why the decision in Massachusetts, referred to, is not an authority in this case. As before stated, in that case, the notice was to take the deposition of certain spe. cified witnesses, and a person was examined, whose name it did not contain. There the defendant might well say, perhaps. I did not and could not know that any persons would be examined, but those named in the notice, other'* wise I should have attended; it is a surprise upon me. Ill this case he can rightfully make no such allegation; he was apprised that the examination would not be confined to the witnesses named. It was his duty to áttend or be properly represented, that he might take care of his interest. The act of our Legislature points out no form, in which the notice shall be drawn ; it simply directs, that notice shall be given the adverse party, of the time and place, when the “commission shall be executed.” So far as the practice under it can be considered a construction of it, the notice complained of is proper.' We see no provision in the act forbidding it, and no evil or danger resulting from it. The defendant, however, farther complains on this point, that the persons named in the no* tice were not examined. We know ofno law requiring a party to examine all or any of the witnesses named in the notice'. As well might it be required of a party to examine all the witnesses he summonses on a trial before, a jury, and who aré in. attendance.
 

 
 *579
 
 The 2nd exception to the deposition is properly aban* doned.
 

 The 3rd is, that the Clerk passed upon the deposition, without giving to the defendant or his counsel
 
 any particular
 
 notice of the time when, &c. The decision upon the first point renders it unnecessary to examine this objection.
 

 In admitting in evidence the paper writing, purporting to be a copy of the lawol Maryland, there was error. It was not certified, as required, either by the laws of the United States or of North Carolina. For this error we should certainly direct a
 
 venire de novo,
 
 if it would serve any good purpose. Availing ourselves, as we have before done in other cases, and as we consider our duty to do, of the facilities furnished us by the vicinity of the office of Secretary of State, we are satisfied the copy upon the trial was a true and correct copy of the Statute of Maryland upon the subject. We have been supplied with a eopy of that law, certified as directed by the laws of this State. There is no complaint'that the law of Maryland, is not as stated by the Judge, in his charge.,— The complaint is, that the evidence, upon which his opinion was founded, was insufficient and contrary to law.— To what purpose grant a
 
 venire de novo,
 
 where we are satisfied that the law, upon which the case turned, has been correctly stated to the jury ? Why send the case back to another jury, where the result must be the same.
 
 Interest reipublicee ut sit finis lilium.
 

 Per Curiam. Judgment affirmed.