LOUIS HILLIARD & CO. v. E. R. OUTLAW, adm'r et al.

*Usury—Contract governed by law of the place of performance—. Special Verdict—Laws of other States.*

1. In the absence of contrary finding, it is presumed that a contract is to be performed in the place where it is executed.

2. Whether a contract is usurious, depends upon the law of the place where it is to be performed.

3. A special verdict must find all the facts necessary to enable the court to give judgment.

4. The statute law of another State is a fact to be shown by evidence, and cannot be noticed judicially.

5. So where a special verdict found that the contract sued on was an additional consideration for the loan of money, but failed to find that such a transaction was usurious in the State where it was to be performed; *Held,* that the special verdict was defective and a *venire de novo* must be awarded.

(*Doe* v. *Sheppard,* 3 Murph., 385; *State* v. *Wallace,* 3 Ired., 195; *State* v. *Stewart,* 91 N. C., 566; *State* v. *Will,* 1 Dev. & Bat., 121; *State* v. *Jackson,* 2 Dev., 563; *Moore* v. *Gwyn,* 5 Ired., 187; *Knight* v. *Wall,* 2 Dev. & Bat., 125, and *Hooper* v. *Moore,* 5 Jones, 130, cited and approved).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Avery, Judge,* and a jury, at January Special Term, 1884, of BERTIE Superior Court.

His Honor, being of opinion that, upon the facts as found by the special verdict, the contract was usurious, gave judgment for the defendant, and the plaintiff appealed.

The facts are fully stated in the opinion.

*Messrs. Pruden & Vann*, for the plaintiff.
*Mr. R. B. Peebles*, for the defendants.

SMITH, C. J. This action begun before a justice of the peace, and removed by the plaintiff's appeal to the Superior Court, is upon a covenant entered into by the intestate of the defendant Edmund R. Outlaw, and guaranteed by the other defendant in the following form:

STATE OF VIRGINIA, }
CITY AND COUNTY NORFOLK. }

For and in consideration of five dollars to me in hand paid by Louis Hilliard, doing business in the city, county and State aforesaid, under the style and firm of Louis Hilliard & Co., the receipt of which is acknowledged, I hereby promise and agree to ship to the said Louis Hilliard & Co., as my factors, on or before the first day of January next, at least (75) seventy-five bales merchantable lint cotton, and in default thereof to pay to the said Louis Hilliard & Co., as liquidated damages, two dollars per bale on all, or such portion thereof as I fail to ship as aforesaid. This is a separate and distinct transaction from all others and in itself an entirety. For the faithful performance of this contract, I bind myself, my heirs, executors and administrators. Witness my hand and seal, this 19th day of April, 1881.

The defence of usury was set up to the action, and the jury rendered a special verdict, as follows: "That the contract declared upon by the plaintiff, was executed by defendant Outlaw's intestate, and said intestate delivered only twenty-two bales of cotton under said contract, and that as an additional consideration for

the execution of the contract sued on, it was agreed between Hilliard & Co. and B. B. Gillam, that Hilliard & Co. should advance to said Gillam $1,000, which was to be paid back with 9 per cent. interest. That the money advanced or loaned under said agreement, with 9 per cent. interest, had been paid by Gillam before this suit was commenced. If, upon these facts, the Court is of opinion with the plaintiff, then they find for the plaintiff and assess his damages at $106 with interest from January 1st, 1882, until paid,. and costs to be taxed by the clerk."

The Court being of opinion that the money claimed under the covenant was usurious interest, in excess of that allowed by law, upon the contemporary loan and rendered it void, gave judgment for the defendants, and therefrom the plaintiff appeals.

A special verdict, rendered in our former practice, was required to find all the facts necessary in determining the rights of the parties, with a prayer for the advice of the Court as to the law arising thereon, and concluded conditionally, that if, upon the the whole matter the Court shall be of opinion that the plaintiff has cause of action, they then find for the plaintiff; if otherwise, for the defendant. 1 *Sell. Pr.*, 472; *Eaton's Forms*, 494; *Arch. App.*, 148; *Doe* v. *Sheppard*, 3 Murph, 335. And in criminal prosecutions such must now be the form. *State* v. *Wallace*, 3 Ired. 195; *State* v. *Stewart*, 91 N. C., 566; *State* v. *Will*, 1 D & B., 121.

The condition is removed, and the verdict is complete and becomes absolute upon the decision of the question of law raised for the one or the other contending party according to the ruling of the Court. The form and force of verdicts, general and special, are somewhat different under the present practice, and they are now defined by statute.

"A general verdict is that by which the jury pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the Court." *Code*, §408.

The latter groups together the findings of all the controverted facts put in issue by the pleadings, which, with those admitted, constitute the case submitted to the Court for the determination of the law arising thereon. If the statement is full and sufficient, judgment is rendered according to the opinion of the Court and the action determined.

If defective, by reason of the omission to find some material fact necessary to a decision, the verdict is set aside, and the controversy goes before a new jury.

In the present verdict, it appears that the transaction, of which the giving the covenant in suit forms part, took place in the State of Virginia, and we must assume, in the absence of any contrary finding, was to be there executed. The validity of the obligation would therefore depend upon the usury law in force in Virginia when it was entered into, and the verdict does not inform us what that law is. The statute laws of another State is a fact to be shown, and is not taken judicial notice of. *State* v. *Jackson*, 2 Dev., 563; *Moore* v. *Gwyn*, 5 Ire., 187; *Knight* v. *Wall*, 2 D. & B., 125; *Hooper* v. *Moore*, 5 Jones, 130.

This imperfection in the jury findings disables the Court to pronounce judgment, and say whether the covenant is or is not illegal.

The Court cannot consider any matter extraneous to the verdict, or not derivable from the facts therein appearing, except such as are admitted in the pleadings. *Williams* v. *Jackson*, 5 John, 502.

The absence of information of the law of Virginia applicable to the contract renders it impossible for the Court to pass upon the legality of the covenant and the transaction in which it has its origin.

The judgment must be reversed, the verdict set aside and a new trial had.

To this end let this be certified.

Error.                                                 Reversed