IN RE ESTATE OF ARTHUR PRUDEN.

(Filed 26 September, 1928.)

1. **Appeal and Error—Record—Matters to be Shown by Record—Remand.**

Where sufficient facts do not appear in the record on appeal for the Supreme Court to properly pass upon the matters of law presented, the case will be remanded.

2. **Same—Evidence—Statutes of Foreign Jurisdictions.**

Where the United States government has paid into a court of this State the proceeds from a policy of War Risk Insurance on the life of deceased soldier, and from the record it is inferable that the deceased soldier was a resident of another State at the time of his death, but not stated with sufficient certainty, the case will be remanded, as the law of the State in which he died domiciled will control the question of descent and distribution involved in the case, of which statute the courts here will not take judicial notice, and it is required that the statute be properly proven, if applicable.

CIVIL ACTION upon an agreed statement of facts, heard by *Small, J.,* 3 August, 1928. From GATES.

In substance the agreed statement of facts is as follows: Arthur Pruden, a soldier in the American Army, contracted for and received from the Bureau of War Risk Insurance a certificate or policy of insurance in the sum of $5,000, in which said policy the mother of the soldier, to wit, Mary Elizabeth Brothers, was named as sole beneficiary. Arthur Pruden died intestate on 26 January, 1920, leaving a mother, the said Mary Elizabeth Brothers, a sister, Ada Pruden Harrell, and a brother, Richard Pruden. The mother, as beneficiary, received payments from the Treasury Department upon said policy until her death 26 December, 1920. Thereafter the Bureau of War Risk Insurance "notified Richard Pruden and also Ada Harrell, that they were designated as beneficiaries by Arthur Pruden to whom the insurance was issued, and entitled to receive insurance in payments of $14.37 per month from 27 December, 1920, to 27 January, 1940." Richard Pruden, brother of the deceased soldier, is still receiving the award of $14.37 per month. Ada Harrell, sister of the deceased, received her award of $14.37 until her death 19 March, 1926. Ada Harrell left her surviving a husband, George Harrell, and two children, to wit, Carmen Harrell, 9 years of age, and Mary Harrell, 5 years of age. F. L. Nixon was duly appointed administrator of the estate of the deceased soldier, Arthur Pruden, on 1 January, 1927, and the Bureau of War Risk Insurance paid to said administrator the sum of $1,901, which represented the principal of the unpaid installments awarded Ada Harrell.

Upon these facts the brother of the soldier, to wit, Richard Pruden, claims one-half of said sum as next of kin of the deceased soldier. The minor children of Ada Harrell claim said fund through their mother, Ada Harrell.

The clerk of the Superior Court, after hearing the argument of counsel, held that the minor children of Ada Harrell were entitled to said fund. Whereupon Richard Pruden appealed to the judge. The judge reversed the order of the clerk and held that Richard Pruden was entitled to one-half of said amount, and the children of Ada Harrell entitled to receive the other half. From this judgment the children of Ada Harrell appealed, assigning error.

*John Hill Paylor for Richard Pruden.*
*J. M. Glenn for the children of Ada Harrell.*

Brogden, J. The law governing the distribution of War Risk Insurance has been declared by this Court in *Branch Banking and Trust Co. v. Brinkley, Administrator of the Estate of Jack W. Montague, ante,* p. 40. This action, however, must be remanded to the Superior Court of Gates County for the reason that essential facts are not disclosed in the record. In the first place, it appears in the agreed statement of facts that the deceased soldier, Arthur Pruden, died in Pennsylvania, and a certain exhibit from the United States Veterans Bureau, dated 25 March, 1927, indicates that the last legal residence of deceased was Pennsylvania. The domicile of the deceased soldier at the time of his death must appear. If the deceased soldier was domiciled in Pennsylvania at the time of his death, then the record must show the intestate law of that State at the time of the death. The statute law of another State is a fact to be shown because this Court cannot take judicial notice thereof. *Hilliard v. Outlaw,* 92 N. C., 266; *Mottu v. Davis,* 151 N. C., 237, 65 S. E., 969; *Carriage Co. v. Dowd,* 155 N. C., 307, 71 S. E., 721.

The record further discloses that the certificate or policy of insurance issued to the deceased soldier named his mother, Mary Elizabeth Brothers, as sole beneficiary, and in another place in the record it appears that Richard Pruden and Ada Harrell were designated as beneficiaries by the deceased soldier. These contradictory declarations in the record, without explanation, are confusing.

The cause is remanded to the Superior Court of Gates County to the end that the essential facts may be found and judgment entered thereon in accordance with the law as declared in the case of *Branch Banking and Trust Co. v. Brinkley, supra.*

Remanded.