Pearson, J.
 

 The question is, does the fact that a principal in a bond makes a payment of $13.03, and another payment of $60, both within the time of presumption, (10 years,) rebut, as against the sureties, the presumption of payment, which is made by our statute from the lapse of ten years ?
 

 Without entering into the question whether the acknowledgement of a debt which is barred by the statute of limitations, by a partner after the dissolution of the firm, will revive the debt as against others who had been members of the firm, or whether a payment or acknowledgement by one obligor, after the time necessary to make a presumption of payment, will rebut that presumption, we are clearly of opinion that a payment made by one obligor, before the expiration of ten years, takes the case out of the rule of presumption, and of the reason upon which it is founded, until there be ten years after the time of the payment.
 

 The rule is based on the ground, that if nothing is said or done by the parties, by which the existence of the debt is recognised, for the space of ten years, (by our statute) the debt, although secured by deed, shall be presumed to have been paid.
 

 But if a payment has been made by one of the parties, say the principal obligor, whoso duty it was to make the payment
 
 *423
 
 within ten years, then something has been dono, and the reason of the rule ceases. If this be not so, the principal may mate payments towards the principal debt, and may pay up the interest annually, and still, after the expiration of ten years, the sureties may insist the law raises a presumption that the whole debt has been paid. The reply is, the payments were made for your benefit — if sued, you could have claimed credit for the amount; and, in short, the note has not been suffered to lie over without anything being said or done, for more than ten years. The creditor has been diligent, and the maxim “
 
 leges vigilanti-bus non dormientibus
 
 ” applies to you.
 

 Judgment affirmed.