Pearson, J.
 

 The distinction between barring an action by the’“statute of limitations,” and by the plea of- “payment,” on the presumption created by the Act of 1826, is plain.
 

 In regard to the former, it is an old and well settled doctrine, that in
 
 actions on
 
 promises, the bar of the statute of limitations may be met by proof of a new promise, or admis
 
 *69
 
 sions equivalent thereto ; so, it may well be, that while the statute is a bar as to one defendant in an action upon a joint and several promise, it may not be a bar as to another, who by admission, or otherwise, has put it in the power of the plaintiff to prevent the operation of the statute as to him. In regard to the latter, this cannot be so ; for the action is
 
 debt
 
 on specialty, the plea is payment, and the question is as to the proof relied on to rebut the presumption. In an action on a joint and several bond, the idea that a plea of payment can be true as to one, and not true as to another defendant, necessarily involves a contradiction; because payment by one obligor discharges the debt, and in the very nature of things must support the plea as to all of the obligors.
 

 An action may be barred as to one defendant, and not as to another; but a debt cannot be paid as to one defendant, and be unpaid as to another.
 

 Upon the face of the record now before us, there is this repugnancy: the jury find that the bond sued on has been paid by one of the obligors, and still that it remains unpaid as to the other!!
 

 In 1841, while on the Superior Court bench, on the supposition that there was evidence to repel the presumption of payment in regard to one of the defendants, I instructed the jury, if the presumption was not repelled also in regard to the other defendant, they should find the issue on the plea of payment in favor of both; for,,if the presumption held as to one, payment by him discharged the debt. This ruling was approved by the Supreme Court, and the distinction is taken between matter which extinguishes the debt, and that which is only a bar to the remedy.
 
 Buie
 
 v.
 
 Buie,
 
 2 Ire. Rep. 87.
 

 In our case, before the expiration of the time necessary to raise the presumption, one of the defendants made, not a colorable, but a substantial, and very considerable, payment. Such a payment, according to
 
 McKeethan
 
 v.
 
 Atkinson,
 
 1 Jones’ Rep. 421, takes the case out of the rule of presumptions, as to all the defendants, and of the reason on which it is founded; for, as all of the defendants are discharged if
 
 *70
 
 there is a presumption of payment by one, the result would be that if the principal debtor makes payments on the debt, and pays up the interest annually, after the expiration of ten years the sureties may insist the law raises a presumption in their favor that the entire debt has been paid, whereby they are discharged, and as a consequence the principal debtor also. Such cannot be the Law!!
 

 We suppose his Honor’s attention was not called to the case of
 
 McKeethan
 
 v.
 
 Atkinson.
 

 The late Act of the Legislature, which was read at the bar, applies only to the plea of the statute of limitations, and has no bearing' on this case.
 
 Venire de novo.
 

 Pee Curiam.
 

 _ Judgment reversed.