GEORGE L. GIBSON *v.* WM. A. SMITH and ROBERT W. FOARD.

Where a vendor of land filed a bill for a specific performance of the contract, alleging that the vendee had contracted to pay specie, but had prevailed upon the sheriff (who had in his hands an execution for the money with instructions to accept specie only,) by menaces of an appeal to the Military, to receive currency; *Held*, that the contract to pay specie having been *merged* in the judgment, the latter was *satisfied* by the action of the sheriff, and *therefore* that the vendee had already complied with his contract.

(As to the rights of the plaintiff *against the sheriff, Quaere.*)

(*Crawford* v. *Woody* ante 100, *Hoke* v. *Carter* 12 Ire. 224, cited and approved.)

(Practice under the Code in preparing cases for the Supreme Court, pointed out by Pearson, C. J.)

BILL for specific performance, heard before *Logan, J.* at Fall term 1868 of the Superior Court of CABARRUS.

The bill alleged that the plaintiff on the 11th of August 1865 contracted by bond to sell the defendant Smith a certain tract of land at the price of $15,000 in specie; that Smith gave three notes for the price with the defendant Foard as surety, and had paid two of them; that suit was brought and judgment recovered upon the third (being for $7,000); that an execution issued thereon to the Sheriff of Cabarrus County who was instructed by the plaintiff to accept nothing else but specie, (Federal currency being then at a discount of forty per cent.); that the Sheriff being menaced by the defendant with the penalty for violating Gen. Canby's Order on the subject of demanding specie, received the currency which was tendered; but the plaintiff has never acquiesced in such action or received the currency from the Sheriff, so that the contract by Smith has not been performed. The prayer was for a specific performance by the defendant, and in default thereof, that the land be sold and the proceeds thereof applied &c., and for further relief.

The defendants demurred generally, " whereupon the cause was set down for hearing upon the bill of complaint and demurrer, and sent to the Supreme Court by the consent of the parties."

*Wilson,* for the plaintiff.
*Boyden & Bailey, contra.*

PEARSON, C. J. This action for the specific performance of a contract was commenced after the adoption of " the Code of Civil Procedure," and was founded upon a contract, not subject to the Stay ordinance; but the irregularity, if it be one, in making the summary return to the Superior *Court*, and not to the Clerk of the Court, is waived. So also the error of setting down the case for hearing on complaint and demurrer, and sending it to this Court by consent, instead of having a judgment in the Superior Court, and bringing the case up by appeal,

is not insisted upon; and by consent, the proper entries and amendments are considered as made in the transcript—and we will treat the case as properly constituted in this Court. We commend this liberality among the profession, until the provisions of the Code are settled by construction. We must, however, remind the Judges of the Superior Courts, that when an answer is filed, it is their duty to have *the facts* found, as distinguished from the *evidence* plainly set out, and also to set out the conclusions of law. When a demurrer is filed, it is the duty of the Judge to *decide* the questions of law, and when the entry is, judgment "*pro confesso*," these words will be treated as an idle expression, and be stricken from the record.

The plaintiff cannot maintain the action, because, by his own showing, the vendees have performed their part of the contract, by payment in full of the price agreed on. The plaintiff admits payment in full of the first two notes; and the legal effect of the judgment taken on the third note, was to merge it. In other words, the note as an evidence of debt, was extinguished by the higher evidence of the record, in the same way that an open account is extinguished by taking a bond as evidence of the debt. The less is always merged in the higher security, for both evidences of the debt cannot have force at the same time, and by taking the one, the other is gone. This is familiar learning. A distinction is taken between a bond, and a bill of exchange, or a negotiable promissory note, *Spear* v. *Atkinson*, 1 Ire. 262; but there is no exception to the rule that a judgment merges the debt upon which it is rendered.

The last note, then, was extinguished by the judgment; and when the execution issued and the sheriff accepted greenbacks in satisfaction thereof, the legal effect was to satisfy and discharge the judgment; for, as soon as the sheriff accepted the notes in payment, he held them for the plaintiff, and the debt, in any shape was gone. *Crawford* v. *Woody*, *ante* 100 *Hoke* v. *Carter*, 12 Ire. 224.

But the plaintiff says he gave that the sheriff positive directions not to receive anything but specie in satisfaction of the exe-

cution.   It was the plaintiff's misfortune to have an agent who violated his instructions, and it may be the sheriff has made himself liable to an action, but there is no principle upon which that can prevent the act of the sheriff from having the legal effect of satisfying the execution; and as a necessary consequence, the judgment is likewise satisfied.

We were favored with an elaborate argument on the Constitutionality of the legal tender Act of Congress, but the point is not presented by the case, for the plain reason that the plaintiff, upon his own showing, has no debt against the defendants.   Had he brought Covenant for damages by reason of the defendants refusing to pay the amount in specie, and insisted that the rule of damages was the amount of the specie, plus the discount in green-backs, the point would have been presented, but he has cut himself off from taking this position, by bringing Debt, and taking judgment for the amount, and thereby merging " his specie note."   There is no error.

PER CURIAM.                                    Judgment affirmed.