## W. A. SMITH and others v. G. L. GIBSON.

An affidavit stating "that the defendant has disposed of his property, with the intent to defraud his creditors, in this, that although he has received from the plaintiffs alone, over $7,000 in specie, and $7,289.33 in currency, and from the plaintiff F. the further sum of $300, currency, he has not paid any of his creditors, unless to a very inconsiderable amount, and that h owes debts exceeding the sum of $3,000, is insufficient, and will not justify the arrest of the defendant.

This was an APPEAL from the ruling of the court in setting aside an order of arrest in a Civil Action in the nature of a Bill in Equity, for the specific performance of a contract; the motion to set aside the order was heard before *Schenck J.* at July Term, 1875, CABARRUS Superior Court.

All the facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

Upon the hearing, his Honor allowed the motion, vacating the order of arrest, on account of the insufficiency of the affidavit.

From this judgment the plaintiffs appealed.

*Bailey*, for appellants.
No counsel *contra*, in this court.

READE, J. The plaintiffs bought of the defendant a tract of land at the price of $15,000, to be paid in specie. Title to be made when money is paid. They paid $8,000 in specie, and failing to pay the balance, the defendant sued them, and got judgment and execution, which went into the hands of the sheriff, and which was paid by the plaintiffs, not in specie, but in currency, which was at a discount of thirty-five or forty cents in the dollar. This, although not a compliance with the *agreement*, was, in law, a satisfaction of the execution. See case between the same parties reversed, 63 N. C. Rep. 103.

The plaintiffs bring this action for specific performance, by a conveyance of title on the part of the defendant, and for damages for the delay. It is not alleged that they have been. kept out of the possession of the land, nor is any other injury specified for which they demand damages, nor is it alleged. that they have complied with their *agreement* to pay the debt. in *specie*.

What will be the decision when the case stands upon its. merits on the hearing, we are not now to say. We have now to pass upon a preliminary question, the sufficiency of the affidavit for the order of arrest.

The affidavit is, "that the defendant had disposed of his. property with the intent to defraud his creditors." If the affidavit had stopped there, it would have been in the words. of the statute. C. C. P., sec. 149. But there is an apparent flinching from having it as strong as that, and so the affidavit. proceeds to explain what is meant by the charge, to defraud his creditors: "In this, that although he has received from. the plaintiffs alone the sum of over $7,000 in specie, and. $7,289.43 in currency, and from the plaintiff Ford the further sum of $300 currency, he has not paid any of the creditors, unless to a very inconsiderable amount, and that he owes. debts exceeding the sum of $3,000.

To say that because a man has had, and, so far as appears, now has $17,000 and owes $3,000, which, for ought that appears, may be the very $3,000 demanded in this action, which he denies that he owes, or let it be any other debt or debts, to say from this "that he has disposed of his property with the intent to defraud his creditors," is a "lame and impotent conclusion," upon which no man ought to be deprived of his liberty.

There is no error. Let this be certified.

PER CURIAM.                                     Judgment affirmed.