W. W. GREEN and wife *v.* GREENSBORO FEMALE COLLEGE and others.

*Surety and Principal—Payment of Interest—Statute of Limitations.*

Payment of interest on a note by the principal, before it is barred by lapse of time, arrests the operation of the statute of limitations as to all the makers (sureties as well as principal), and the statute commences again to run only from the day when the last payment was made. Section 51 of the code construed.

(*Woodhouse* v. *Simmons*, 73 N. C., 30 ; *Davis* v. *Coleman*, 7 Ired., 724 ; *McKeithan* v. *Atkinson*, 1 Jones, 421 ; *Lowe* v. *Sowell*, 3 Jones, 67 ; *McIntyre* v. *Oliver*, 2 Hawks, 209 ; *Willis* v. *Hill*, 2 Dev. & Bat., 231 ; *Walton* v. *Robinson*, 5 Ired., 341, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of FRANKLIN Superior Court, before *Seymour, J.*

This action is brought upon a promissory note in the following terms :

GREENSBORO FEMALE COLLEGE, N. C.,

$2,000.  *Greensboro, N. C., Nov. 7th,* 1872.

Two years after date the Greensboro Female College, as principal, and N. H. D. Wilson, J. A. Cunninggim, H. N. Snow, W. H. Hill, Cyrus P. Mendenhall, and Seymour Steel, as sureties, promise to pay to Sarah Susan Jones, or order,

29

the sum of two thousand dollars, for value received, with interest from the date, at eight per cent. per annum, payable annually, for money borrowed. Witness the signature of the President of the college, and our names, as above stated as sureties.

(Signed.)        N. F. REID, President of Board of Trustees of G. F. College.

                 N. H. D. WILSON,
                 J. A. CUNNINGGIM,
                 H. N. SNOW,
                 W. H. HILL,
                 CYRUS P. MENDENHALL,
                 SEYMOUR STEEL.

The principal and the two sureties first named made no answer, and the other sureties for their defence rely upon the bar of the statute of limitations.

The material facts are set out in the case agreed, and it appears therefrom that the annual accruing interest was regularly paid by the principal debtor, up to and including the year ending Nov. 7th, 1877, and was duly credited on the note; that the sureties knew nothing of these successive payments nor gave assent thereto, and that the payee received the money through the Raleigh National Bank, and did not know from whom it came. The court gave judgment for the plaintiffs and the defendants appealed.

*Messrs. Davis & Cooke*, for plaintiffs.
*Messrs. Gray & Stamps*, for defendants.

SMITH, C. J., after stating the facts. The sureties are discharged by the delay in bringing the action within three years after the maturity of the note, (C. C. P., § 34, Par. 1) unless the payments made in the meantime prevent that result under section 51. The sole question then is, do these

payments repel the statutory bar as to the sureties as well as to the principal in the note?

The law is well settled by adjudications in England and in this state, that a partial payment by one of several makers of a promissory note given for a specific sum takes the case out of the statute as to all, and a like effect follows the payment of interest. Brown Act. at Law, Law Lib. 90.

The endorsement of such payments, before the expiration of the time limited for bringing the action and when the entry is against the interest of the creditor, is received as evidence of the fact that the money was paid. The rule is founded upon the community of interest among the debtors and the presumption that no one would make a false admission against his own interest. 2 Greenl. Evi., § 444; *Woodhouse* v. *Simmons,* 73 N. C., 30.

The same doctrine is declared by this court in *Davis* v. *Coleman,* 7 Ire., 424; *McKeithan* v. *Atkinson,* 1 Jones, 421; *Lowe* v. *Sowell,* 3 Jones, 67, and in other cases.

In *Lowe* v. *Sowell,* PEARSON, J., thus expresses the opinion of the court: "In an action on a joint and several bond, the idea that a plea of payment can be true as to one and not true as to another defendant, necessarily involves a contradiction; because payment by one obligor discharges the debt, and in the very nature of things must support the plea as to all the obligors. An action may be barred as to one defendant and not as to another; but a debt cannot be paid as to one defendant and unpaid as to another."

This was the legal effect of a partial payment in rebutting the presumption of full payment, arising under the statute from the lapse of time unexplained. But it was also decided in numerous cases that a promise by one member of a partnership firm after its dissolution to pay a partnership debt, revived the liability of the other member as well as his own; and in like manner the promise of one maker of a promissory note, made before the statutory bar was

reached, arrested the running of the statute as to all, and made the time of such promise a new starting point. *Mc-Intyre* v. *Oliver*, 2 Hawks, 209 ; *Willis* v. *Hill*, 2 D. & B., 231 ; *Walton* v. *Robinson*, 3 Ired., 341 ; *Davis* v. *Coleman*, 7 Ired., 424.

In consequence of these rulings, the general assembly in 1852 passed an act that no acknowledgment or admission of a partner after the dissolution of the firm, or of a maker of a promissory note after the statutory bar obstructed a recovery, should repel the statute as to the other partners or the other makers. Rev. Code, ch. 65, § 22.

The purpose and meaning of the act are to withdraw the power of one member of a dissolved partnership, by his acknowledgment or promise to continue or revive the liability of the other, and of a maker of a note by the same means, to remove the protection which the statute had secured to the other makers. It does not undertake to interfere with the legal force and effect of a recognition of the debt by the payment of a part of it.

Such was the state of the law when the new limitations prescribed in the code superseded those previously existing in their application to causes of action thereafter accruing. By the new statute it is declared that "no acknowledgment or promise shall be received as evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing *signed by the party to be charged thereby ; but this section shall not alter the effect of any payment of principal or interest."* C. C. P., § 51.

We are aware of no case in which this clause has been construed by this court, and as it is silent as to the effect of a part payment upon the others, we may be aided in examining the adjudications in England upon a very similar enactment in ascertaining its true meaning.

In *Wyatt* v. *Hodson*, 21 E. C. L. Rep., 302, Chief Justice

TILDEN speaks as follows: " Then with respect to payment of principal or interest it provides that 'nothing herein contained shall alter, take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever,' not confining the effect to the individual paying. Why? Because the payment of principal or interest stands on a different footing from the making of promises which are often rash or ill-interpreted, while money is not usually paid without deliber .tion ; and payment is an unequivocal act, so little liable to misconstruction as not to be open to the objection of an ordinary acknowledgment. * * * On the broad construction of the act, we think *payment* of money by one of several joint contractors not within the mischief or the remedy provided by the legislature against the effect of an oral promise."

More directly in point is the case of *Channel* v. *Ditchburn*, ·5 M. & W. (Exch.) 494, in which PARK, B., says: " Since the decisions in *Atkins* v. *Tredgold*, and *Slater* v. *Lawson*, (cited in the argument) the court of King's Bench have twice decided that payment by one of two joint makers of a promissory note is sufficient to take the case out of the statute as against the other. The first of these cases was that of *Burleigh* v. *Stott*, where the defendant was sued as the joint and several maker of a promissory note, and there the court held that payment of interest by the other joint maker was enough to take the case out of the statute as against the defendant ; and that it was to be considered as a promise by both so as to make both liable. Since this decision, the court of King's Bench have come to the same conclusion in the case of *Manderston* v. *Robertson*, 4 Man. & Ryl., 440."

Referring to a distinction in the argument drawn between payments made before and after the statute had run, he adds, that in *Manderston* v. *Robertson*, the payment was made after the six years had elapsed, and yet it was held to be sufficient.

The reservation contained in the section leaves to a partial

payment the force and effect unimpaired, which the act before possessed, in continuing the common liability in the light of the decisions to which we have adverted. The act of 1852 in terms confines to the person making an acknowledgment or admission, or doing an act which recognizes the obligation before the bar interposes against a recovery, the legal consequences flowing from either, but does not include such as may be made or done before, and hence does not apply to the facts of the present case.

Upon a full and careful review, we are of opinion and so declare that the payments of interest on the note, before it was barred by lapse of time, arrested the operation of the statute as to all the makers, sureties as well as principal, and it commenced again to run only from the day when the last payment was made.

This being the ruling of the court below, there is no error and the judgment must be affirmed.

No error.                                             Affirmed.