C. M. WOOD, Executor, v. BURTIS BARBER and others.

*Partnership—Statute of Limitations, when bar removed by Partial Payment by one of several Obligors.*

1. In an action against a firm upon a draft accepted by the cashier of a bank who was also a member of the firm, and who made a partial payment upon the same, *it was held* that, to remove the statutory bar set up by the defendant firm, the burden is on the plaintiff to show in what capacity

the acceptor acted in making such payment—whether as cashier or as a member of the firm. THE CODE, §§171, 172.

2. Where a payment is made upon a claim, before it is barred by the lapse of time, by one of several obligors of the same class, it becomes the legal act of all, and arrests the operation of the statute as to them, but does not revive the liability of others of a different class.

3. The rule that payment by one of several debtors, in such case, is evidence against them all, is founded upon the community of interest among the debtors.

(*McIntyre* v. *Oliver*, 2 Hawks, 209; *Willis* v. *Hill*, 2 Dev. & Bat., 231; *Walton* v. *Robinson*, 5 Ired., 341; *Davis* v. *Coleman*, 7 Ired., 424; *Green* v. *Greensboro*, 83 N. C., 449; *Brown* v. *Teague*, 7 Jones, 573, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of PASQUOTANK Superior Court, before *Avery*, *J.*

This action was commenced on the 1st day of February, 1883, and is prosecuted for the recovery of the amount due on an accepted draft against the defendants D. C. Lippincott and D. G. Bush (surviving members), and Burtis Barber, executor of Thornton Conrow, a deceased member of the partnership firm of Conrow, Bush & Lippincott, the drawers. The bill was drawn at Elizabeth City, on November 28th, 1873, in the sum of four thousand dollars, and payable at four months on the North Carolina Manufacturing Loan and Trust Company, and presented and accepted on the same day. There are several entries of payments endorsed on the instrument, the last of which, appearing to have been made before suit, is in these words:

"Paid on this note 16th December, 1881, two hundred and forty dollars."

The living partners in their answer admit the endorsed payment to have been made by their firm, while the executor, disclaiming any knowledge of his own or information sufficient to form a belief of the truth of the plaintiff's allegations in respect to the payments, among other defenses, relies upon the bar of the statute of limitation, and the only issue submitted

to the jury was whether the cause of action did accrue to the plaintiff within three years before the bringing of the action.

To rebut the defense, the plaintiff introduced as a witness William Martin, of the law firm of Pool & Martin, who testified that they held the draft for collection, and that he presented it to the defendant Lippincott, who was the managing member of his firm, and also acting cashier of the Albemarle Bank, the same corporation as the acceptor with a change of name, and demanded payment on February 17th, 1880, when Lippincott paid him sixteen hundred dollars, and the same was at once credited on the bill by the endorsed acknowledgment written thereon. The several other payments bear no signature, nor does it appear in evidence by whom they were made, nor in whose handwriting the entries are. The partnership terminated by the death of Conrow in March, 1882.

The defendant Barber contended that the primary liability resting upon the acceptor, and Lippincott being its cashier, as well as managing partner of the drawers, and it not appearing in what capacity he acted in making the payment, nor whose funds were used, the presumption was that it was as cashier and with the moneys of the bank ; or,

That the burden of showing that the payment was made on behalf of his firm or out of moneys belonging to it devolved upon the plaintiff, in order to the removal of the bar.

The court refused to give these requested instructions and charged the jury that "if the said payment of sixteen hundred dollars was made by the said bank, or by Lippincott, as its cashier, or by the firm of Conrow, Bush & Lippincott, or either of them, within the three years before the bringing of the action, then they should find the issue against the defendant Barber."

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. Pruden & Bunch,* for plaintiff.
*Mr. B. B. Winborne,* for defendant.

SMITH, C.-J., after stating the case.   In *McIntyre* v. *Oliver*, 2 Hawks, 209, it was held that the acknowledgment of a subsisting partnership debt by one partner, even after the dissolution of the firm, was binding on all the constituent members and prevented the operation of the statute of limitation.   The same doctrine is announced in *Willis* v. *Hill*, 2 Dev. & Bat., 231, and *Walton* v. *Robinson*, 5 Ired., 341.   In the latter case, the same reviving effect is ascribed to a payment as involving a reassumption of the residue of the debt.

In consequence of these rulings was passed the act of 1852, now embodied in section 171 of THE CODE, wherein it is enacted:

That no act, admission or acknowledgment by any partner, after the dissolution of the copartnership, or by any of the makers of a promissory note or bond, after the statute of limitation shall have barred the same, shall be received as evidence to repel the statute except against the partner or maker of the promissory note or bond, doing the act or making the admission or acknowledgment.

The new promise or acknowledgment, now required to be in writing (THE CODE, §172), or act, in partial payment, to which the same efficacy is given by the statute, to bind the testator, must have been made or done during the continuance of the partnership by one of its members acting for all and in the exercise of the agency which springs out of their joint relations. It is by virtue of the implied power of each to bind all that the act of one, within the scope of the business for which the association is formed, is deemed to be the act of all the partners.   To give to the payment made by Lippincott the effect of a payment by the firm, he must have acted as a partner or used the common fund in making it, and this must appear if the others are to be bound.

The charge of the court ascribes the same effect to a payment coming from the acceptor or its cashier, as if it came from the partnership through one of its members, and seems to proceed

upon the idea that a recognition of continuing liability by any of the parties to the instrument imposes upon all the others the same liability, whatever may be their separate obligations under it. The rule does not go to this extent, nor have we found any case supporting this view. To give this effect to the act of one, there must be a community of interest and a common obligation among them. They must be obligors in a bond, makers of a promissory note, drawers or acceptors of a bill, or joint endorsers of either. An admission, direct or involved in the act of payment by one of either class, under the same measure of responsibility, becomes the legal act of all that class, but does not revive the liability of others of a different class. Thus if one of several joint acceptors promises to pay as directed in the statute, or makes a payment, his associate acceptors are bound by what he does; but the drawers are not, because there is no such common interest and responsibility as gives legal force to the act. And so of the other classes who may be bound in like manner. This is the import of the statute, which confines the act, admission or acknowledgment, as the case may be, as evidence to repel the statute, to the *associated partners, obligors, and makers* of a note. The rule prescribed in the statute, restrictive of that previously laid down in our adjudications as already shown, is in accord with the current of decisions in this state and elsewhere upon the point now considered, and none in conflict has been called to our notice. It is laid down by an excellent writer on the law of Evidence, whose work is among our best, that " if such payment be made by *one of several debtors,* who is not otherwise discharged from the obligation, it is evidence against them all," and he adds, " the rule is founded on the community of interest *among the debtors.*" 2 Greenl. Evi., §444.

" The payment by one of the makers of the promissory note," in the language of DANIEL, J., " according to numerous decisions, took the case out of the act of limitation *as to all the makers* of the note." *Davis* v. *Coleman,* 7 Ired., 424.

So it is declared in a recent case, " that the payment of interest on the note (in suit) before it was barred by lapse of time,

arrested the operation of the statute as to *all the makers,* sureties as well as principal." *Green* v. *Greensboro College,* 83 N. C., 449.

Now, there was no common obligation associating the acceptor with the drawers, and while a partial payment by one drawer would affect the other drawers, or by one of several acceptors would extend to all, and so, as to all who are jointly bound, the act of a person of one class cannot extend to and create or renew a liability resting upon another class.

The contracts of the drawers and of the acceptors of a bill are wholly unlike, and the liability of the latter is in front of the liability of the former.

The drawer undertakes that his bill shall be accepted and paid from funds upon which he has a right to thus appropriate.

The drawer's liability, in the language of MANLY, J., " is a conditional liability, dependent upon presentation to the drawee and notice of his failure to the drawer. Such a precedent action is indispensable to fix a liability upon the latter." *Brown* v. *Teague,* 7 Jones, 573.

We think the defendant was entitled to the instruction that the burden rested upon the plaintiff to show affirmatively that the payment was on behalf of the firm, in order to repel the statute, and that there is error in the instruction that the same result follows, whether the payment was made by the bank or by one of the drawing firm on its behalf.

There must be a new trial, and it is so adjudged. Let this be certified.

Error.                                       *Venire de novo.*