JAMES MOORE v. W. H. J. GOODWIN, et al.

*Evidence—Statute of Limitations—Principal and Surety.*

1. The declaration of one obligor in a bond that he had paid the debt, unsupported by substantive proof of such payment, is not competent evidence in support of a plea of payment by other co-obligors.

2. Payment made by a principal upon a bond, before the cause of action thereon is barred against the sureties, arrests the operation of the statute of limitations.

CIVIL ACTION, tried before *Winston, J.,* at the February Term, 1891, of the Superior Court of WAKE County.

The plaintiff alleged that on the 6th day of February, 1886, one Colin Campbell, as principal, and the defendants W. H. J. Goodwin and C. E.. J. Goodwin, as sureties, covenanted under their hands and seals to pay the plaintiff, twelve months after date, $300, with interest at 8 per cent. from date, for money borrowed, and that no part of said debt has been paid, except $24 interest to January, 1887, and $24 interest to January 9, 1888, both of which payments were endorsed as credits on the bond.

The defendants admitted the execution of the bond, but alleged that it was executed by them, as was well known to the plaintiff, as sureties, and that the same was payable more than three years prior to the bringing of this action. They further alleged that they were informed, and believe, that

said note has been paid by the principal, Campbell, in a settlement with the plaintiff.

The only evidence offered to prove a payment was that of the defendants, who said that Campbell told them that he was square with Moore; that Moore was not present, and that one of them told the plaintiff in 1887 that he must collect the note, to which plaintiff replied, "All right."

His Honor excluded this evidence, but stated that he would admit it if the defendants would offer substantive proof of a settlement of the note in controversy between the plaintiff and Campbell. The defendants' counsel stated that they had no substantive evidence of such a settlement. Defendants appealed.

*Mr. S. F. Mordecai*, for plaintiff.
*Mr. S. G. Ryan*, for defendants.

DAVIS, J.: The evidence was properly excluded by the Court; in fact, counsel for defendants in this Court did not urge the exclusion as error, but earnestly insisted that the statute of limitations was a bar to the collection of the debt, as against the sureties. (*Code*, §§ 155, 171). Section 155 bars a recovery, as to sureties, unless the action is brought within three years, and section 171 provides that "no act, admission or acknowledgment  *   *   * by any of the makers of a promissory note or bond after the statute of limitations shall have barred the same, shall be received in evidence to repel the statute," etc., except against the party making the admission or acknowledgment. Section 172 requires the acknowledgment or promise to be in writing to remove the bar, but this shall not "alter the effect of any payment of principal or interest."

In the case before us the payments were made before the statute had barred, and his Honor held that this repelled the bar. That this was correct, is too well settled by the

decisions of this Court to admit of doubt. *Bank* v. *Harris*, 96 N. C., 118, and the cases there cited.

We are earnestly asked by counsel to review and reverse this ruling, and we are referred to many adjudications in other States, but, upon examination, we have no doubt of the correctness of the construction placed upon our statute, and reaffirm it.

Counsel says that if several co-obligors owe a debt of $1,000 under this ruling, if the note or bond shall be credited with the pitiful sum of ten cents within every three years, the debt may be kept in force against the sureties for a century. The hardship and injustice, so eloquently portrayed by counsel are without force, in view of the facts that the payment must be honestly made, and the credit not falsely or fraudulently given, and the surety or indorser, if he shall consider himself in danger of being held liable for a century, or for a longer time than he may wish, he can easily and safely protect himself against such hardship by giving the notice prescribed in § 2097 of *The Code.*

Error.