The action was brought for foreclosure of mortgage and for possession of the land conveyed therein. By consent, the cause was referred to N.J. Rouse, Esq., under The Code, to try the issues and report his findings of fact and conclusions of law.
The report of the referee was as follows:
FINDINGS OF FACT.
1. That on 22 August, 1873, the defendant, N. H. Beaman, and his wife, S.C. Beaman, executed and delivered to the plaintiff, Thomas Moore, their writing obligatory under and by which they promised to pay to the plaintiff the sum of fifteen hundred and one dollars and fifty-one cents on 1 January, 1878; and that to secure the payment of said bond, the defendant, N. H. Beaman, and his wife, S.C. Beaman, on the same date, to wit, 22 August, 1873, executed and delivered to the plaintiff a mortgage deed conveying to him the tract of land particularly described in the complaint and in the mortgage (329) filed.
That the excess of said bond over $1,083.54 was interest charged thereon, the same being computed on the eight hundred dollar item above specified at twelve per cent per annum from the date of said bond till the maturity of the same; that no interest was computed on the other items above enumerated as composing the face of said bond.
4. That more than ten years intervened between the death of said S.C. Beaman and the institution of this action.
5. That the defendants, other than N. H. Beaman, are the children and heirs at law of said S.C. Beaman, together with the husbands of such females as have married. *Page 204 
6. That the defendants are in possession of the land, and that defendant, N. H. Beaman, is tenant by the courtesy of said land.
7. That no payment was made on said bond prior to its maturity; that defendant, N. H. Beaman, at his own instance, has made the following payments on said debt and mortgage, to wit: 24 January, 1880, $50.21; 9 April, 1881, $344; 28 June, 1882, $227.27; 4 June, 1886, $180; 16 March, 1889, $100; 20 July, 1890, $7.11. And that the defendants, other than N. H. Beaman, have paid nothing on said indebtedness.
8. That there remains due and unpaid on said mortgage indebtedness, on 11 April, 1892, computing interest as specified in conclusion of law No. 4, $1,359.27.
CONCLUSIONS OF LAW.
1. That the interest charged by the plaintiff on the indebtedness evidenced by said bond and mortgage was at a greater rate than was or is allowed by law.
2. That this action is not barred by the statute of limitations.
3. That the plaintiff is entitled to the possession of said land.
(330) 4. That there is recoverable in this action the amount actually due the plaintiff at the time of execution of said bond and mortgage, to wit, $1,083.54, with interest thereon at the rate of six per cent per annum from date of said bond, less the payments enumerated in paragraph 7 of findings of fact, computing interest under the rule of partial payments, and that the plaintiff is entitled to judgment that, upon default of payment of said mortgage indebtedness by defendants, said land be sold and the proceeds of sale be applied to the discharge of said indebtedness and costs, and the surplus disbursed under the direction of the court.
5. That plaintiff is entitled to recover of the defendants and sureties on defendant's undertaking the costs of this action to be taxed by the clerk.
To the said report of the referee the defendants filed exceptions which (except those withdrawn on the argument before his Honor) are as follows:
First. For that in the 8th finding of facts the referee based his finding of amount due by defendants to plaintiff (to wit, $1,359.27) on a computation of interest, whereas the Act of 1866, under which the contract sued on was made, expressly provides that no interest should be recovered on a usurious contract, as the referee finds the one in suit to be; and, therefore, the referee should not have allowed the plaintiff any interest whatever, but should have found the amount of the actual debt — to wit, $1,083.54 — and deducted therefrom the payments which *Page 205 
the referee finds were made by defendant, N. H. Beaman, amounting in all to $908.59, and thereby leaving a balance due the plaintiff of $174.95.
Third. That in the second conclusion of law the referee errs in finding that this action is not barred by the statute of limitations, in so far as such finding relates to the mortgage sued on and affects the heirs at law of S.C. Beaman, wife of N. H. Beaman, the (331) evidence having established and the referee having found as a fact that the said S.C. Beaman died more than ten years previous to the commencement of this action; and further, that every payment made on said debt was made by said N. H. Beaman, and after said mortgage became due.
Fourth. That the referee errs in the fourth conclusion of law in the awarding of interest to plaintiff, for that in law the plaintiff (for the reasons stated in exception 1) is not entitled to any interest on said bond, it being a usurious contract. And secondly, if entitled to any interest, the same should not be charged from the date of the bond, but from the time the bond fell due. It was agreed in writing by the parties to the action that S.C. Beaman died on 17 August, 1877, and that letters of administration on her estate were not issued until 11 May, 1891, her husband, N. H. Beaman, then qualifying as her administrator.
His Honor overruled the said exceptions and gave judgment confirming the referee's report, to which ruling and judgment the defendants except on the grounds set forth in said exceptions of defendants, and from said judgment the defendants appeal.
The usury act in force when this contract was entered into was chapter 114, Bat. Rev.; chap. 24, Laws 1886. It does not essentially differ from the present act, and must receive the same construction. The facts of this case are similar to those in Gore v. Lewis,109 N.C. 359, and for the reasons there given the plaintiff is entitled to recover no interest. The Act of 1874-75 increased the penalties (332) and could not affect a preexisting debt. Besides, it expressly exempted prior valid contracts, which this was to the extent of liability for the principal sum loaned. The present act (The Code, sec. 3836), Laws 1876-77, ch. 91, sec. 3, specifies that it is to be substituted in the place of the Act of 1874-75. It could have no bearing upon this contract even if it had changed the penalty from that in force when the bond was executed. The defendants' first and fourth exceptions should have been sustained. *Page 206 
The second exception and part of the fourth exception were withdrawn on the argument below and are not before us.
The third exception was properly overruled. The partial payment by either of two obligors before the bond is barred continues it in force.Green v. Greensboro College, 83 N.C. 449; Wood v. Barber, 90 N.C. 76;Moore v. Goodwin, 109 N.C. 218.
The provisions of the law forbidding usury are very clear and explicit. No one can possibly misunderstand them. If moved by avarice a party deliberately violates this law, he has no ground of complaint that his punishment has been in the very respect which caused him to sin, and that in grasping after illegitimate interest he has lost also the legitimate interest which the law would have given a law-abiding citizen.
It was competent to show that usurious interest constituted a part of the amount for which the bond and mortgage were given. Arrington v.Goodrich, 95 N.C. 462. It was, therefore, properly struck out. The plaintiff is entitled to recover the true principal, $1,083.54, without interest and subject to the payments made thereon.
The appellant's case on appeal was served in time, and there being no countercase served, must be taken as the case on appeal.
REVERSED. ERROR.
Cited: S. c., 112 N.C. 560; Erwin v. Morris, 137 N.C. 50.
(333)