JOHN SAIEED v. B. G. ABEYOUNIS AND A. RICHARD.

(Filed 8 June, 1940.)

1. **Bills and Notes § 20—Relative liability of principals and surety inter se remains same, even after judgment on the note.**

   One of defendants admitted that he was a principal on the note in question, and the verdict of the jury established that the other defendant was also a principal. Plaintiff was a surety on the note, and after judgment was obtained by the payee, plaintiff drew his check to one of the principals to be used in partial satisfaction of the judgment. *Held:* Although upon the rendition of the judgment the note merged therein and the judgment became the only legal evidence of the indebtedness, the relative liability of defendants as principals and plaintiff as surety, as between themselves, remained the same as on the note, and plaintiff, even in the absence of an assignment of the judgment to a trustee for his benefit, became the contract creditor of defendants to the extent of the money advanced by him.

2. **Limitation of Actions § 12a—Partial payment by one principal starts the statute running anew as to both principals.**

   Defendants were liable as principals on the note in question, which had been reduced to judgment by the payee. Plaintiff, surety on the note, drew his check in favor of one of the principals to be used in discharging the judgment, and some four years after making the payment instituted this action against defendants. Defendants pleaded the three-year statute of limitations. Plaintiff introduced evidence that he owed one of the principals a sum on an open account and that this principal, upon a settlement made some two years prior to the institution of the action, advised plaintiff to credit the amount of the account on the check. *Held:* Partial payment by one of the principals would start the running of the statute anew as to both, and the evidence of partial payment was properly submitted to the jury under correct instructions from the court upon the issue of the bar of the statute of limitations.

3. **Limitation of Actions § 16—**

   The charge of the court construed contextually as a whole *is held* to properly place the burden upon plaintiff to prove by the greater weight of the evidence that his claim was not barred by the statute of limitations pleaded by defendants.

**4. Appeal and Error § 39e—**

An excerpt from the charge will not be held for reversible error when the charge construed contextually as a whole is not prejudicial to appellant.

**5. Trial § 39—**

The refusal to submit issues tendered will not be held for error when the issues submitted are sufficient to present to the jury all determinative facts in dispute and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly.

APPEAL by defendants from *Bone, J.,* at January Term, 1940, of PITT.

Civil action commenced 2 May, 1939, to recover for money allegedly expended for use and benefit of defendants.

Plaintiff alleges these facts: That prior to 17 January, 1929, plaintiff became surety on note for $2,000 bearing interest from date, executed by defendants to one Isaac Kannan; that upon failure to pay the note at maturity, Kannan instituted an action and obtained judgment in Superior Court of Wake County against plaintiff and defendants for the principal sum of said note, with interest from its date, which judgment was duly docketed in Superior Court of Pitt County, North Carolina, on 30 June, 1933; that prior to 1 August, 1935, upon Kannan commencing to press defendants and plaintiff for payment of said judgment, plaintiff paid by check to defendant B. G. Abeyounis for the use and benefit of defendants and for the purpose of satisfying said judgment, the sum of $500, which, together with a certain mortgage then executed by defendant A. Richard to said Kannan, paid and satisfied said judgment and same was duly canceled on 1 August, 1935; that though plaintiff has made frequent demands upon defendants for reimbursement of said amount of $500, defendant Richard has failed and refused to pay any part thereof, but defendant Abeyounis, recognizing his liability to plaintiff in said amount, authorized plaintiff to credit on the back of the check, as of 30 November, 1936, the sum of $117.24 representing the value of merchandise theretofore sold to plaintiff by Abeyounis; and that there is due and owing to plaintiff by defendants the balance of $422.76 with interest from 30 November, 1936.

Defendant B. G. Abeyounis in answer filed denies the material allegations of the complaint and avers: That both he and plaintiff signed the note of A. Richard to Isaac Kannan as sureties; that plaintiff thought that he was relieved of the effect and lien of the Kannan judgment on account of certain bankruptcy proceedings filed by him, but that it turned out that he was not released and discharged therefrom; that thereupon plaintiff, becoming anxious to have the judgment canceled, approached the defendant and "agreed that he would pay $500 on said judgment if he could be released and discharged from the same"; and

asked this defendant to negotiate for compromise and cancellation of the judgment; that pursuant thereto he took the matter up with Kannan, who finally agreed to accept $500 and a second mortgage on land from A. Richard for $1,750 in settlement and cancellation of the judgment; that thereupon plaintiff turned over to this defendant his check for $500 and this defendant paid Kannan $500 and A. Richard executed the mortgage; and that thereupon the judgment was canceled on 1 August, 1935.

Defendant Abeyounis further denies that he is liable to and that he has recognized any liability to plaintiff on account of said payment of $500 on the Kannan judgment. Furthermore, the defendant Abeyounis pleads the three-year statute of limitations in bar of any recovery by plaintiff in this action, and sets up counterclaim for the recovery of $117.24 with interest from 30 November, 1937, alleged to be due for merchandise sold by him to plaintiff from time to time.

Defendant A. Richard by answer filed admits that he was principal in note to Kannan, but denies any liability to plaintiff by reason of the payment of the $500. He likewise pleads the three-year statute of limitations in bar of plaintiff's right to recover in this action.

The parties introduced evidence tending to support their respective contentions.

Upon the issues submitted the jury rendered verdict as follows:

"1. Did the defendant B. G. Abeyounis sign the Kannan note as principal, as alleged in the complaint? Answer: 'Yes.'

"2. Is the plaintiff's cause of action barred by the three-year statute of limitations? Answer: 'No.'

"3. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: '$422.76, plus interest.'

"4. What amount, if any, is the defendant B. G. Abeyounis entitled to recover of the plaintiff on his counterclaim? Answer: 'Nothing.' "

From judgment in favor of the plaintiff against the defendants in the sum of $422.76 with interest from 30 November, 1936, the defendants appeal to Supreme Court and assign error.

*Albion Dunn for plaintiff, appellee.*

*Julius Brown for defendant Abeyounis, appellant.*

*Gaylord & Harrell and Chas. H. Whedbee for defendant Richard, appellant.*

WINBORNE, J. These questions present in the main the points for decision on this appeal:

1. Where judgment is rendered on a debt evidenced by note for which judgment debtors—two as principals and one as surety—are liable, is

paid in part with money advanced for the purpose by the surety and is canceled without assignment *pro tanto* to a trustee for his benefit as provided by statute, Public Laws 1919, ch. 194; C. S., 618, may the surety maintain an action against principals for recovery of money advanced?

2. If so, will a payment made by one of the principals to surety in partial reimbursement for moneys so advanced have the effect of tolling the three-year statute of limitations, C. S., 441, as to either or both principals?

3. Are the issues submitted sufficient?

The answer is "Yes" as to all questions and both parties.

1. The rule is that a judgment merges the debt upon which it is based and becomes the only evidence of the existence of the debt that can be used in court. *Gibson v. Smith,* 63 N. C., 103; *Trust Co. v. Boykin,* 192 N. C., 262, 134 S. E., 643. However, when in an action to recover on contract for an indebtedness evidenced by note, judgment is rendered against both principals and surety thereto, the relative liability thereon of the principals and surety *inter sese* continues the same as on the note.

As a general rule the surety who pays the principal debt on which he is himself bound, either by judgment or otherwise, without procuring an assignment to a trustee for his benefit, thereby satisfies the original obligation and can sue only as a creditor by simple contract. *Bank of Davie v. Sprinkle,* 180 N. C., 580, 104 S. E., 477, and cases cited.

In the case before us defendant Richard admits that he signed the note to Kannan as principal. The verdict of jury establishes that defendant Abeyounis was also principal thereto. All parties appear to concede that plaintiff was surety to the indebtedness represented by that note. Therefore, applying the above principle to this factual situation, upon rendition of judgment, the note merged therein and, while the judgment became the only legal evidence of the indebtedness, the status of liability of defendants as principals and plaintiff as surety *inter sese* remains the same. Hence, when the judgment was paid in part by money advanced by plaintiff and in part by mortgage security of defendant Richard, and canceled without assignment thereof as provided by statute, Public Laws 1919, ch. 194; C. S., 618, the original debt, which merged into the judgment, was extinguished and plaintiff as surety became the contract creditor of the defendants as principal debtors to the extent of the amount of money advanced by him.

2. The decisions of this Court adhere to the principle that a part payment by one joint debtor before the applicable statute of limitations has run against the demand will start the statute anew as well against the co-obligor as against him who made the payment. *McKeethan v. Atkinson,* 46 N. C., 421; *Wilfong v. Cline,* 46 N. C., 500; *Lowe v. Sowell,*

48 N. C., 67; *Green v. Greensboro Female College,* 83 N. C., 449; 35 Am. Rep., 579; *Campbell v. Brown,* 86 N. C., 376; 41 Am. Rep., 464; *Wood v. Barber,* 90 N. C., 76; *Moore v. Goodwin,* 109 N. C., 218, 13 S. E., 772; *Moore v. Beaman,* 111 N. C., 328, 16 S. E., 177, from the date of the payment. *Supply Co. v. Dowd,* 146 N. C., 191, 59 S. E., 685. See, also, *Battle v. Battle,* 116 N. C., 161, 21 S. E., 177, and *Kilpatrick v. Kilpatrick,* 187 N. C., 520, 122 S. E., 377.

However, such "partial payment is allowed this effect only when it is made under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness, or at least his obligation, to pay the balance." *Battle v. Battle, supra.* See, also, *Hewlett v. Schenck,* 82 N. C., 234; *Supply Co. v. Dowd, supra.*

In applying these principles to the present case it is pertinent to note these uncontroverted facts: Plaintiff advanced the $500, by check dated 1 August, 1935, payable to defendant Abeyounis, for the use of defendants in paying off the Kannan judgment and the judgment was canceled on the same day. In a settlement on 20 April, 1937, plaintiff owed defendant Abeyounis a balance of $117.24 for goods bought on account, the last item of which was on 30 November, 1936. This action was commenced on 2 May, 1939.

It is further noted that in this connection and on the trial below plaintiff on the one hand offered evidence tending to show that at the time of the settlement on 20 April, 1937, the defendant Abeyounis agreed that said balance should be applied as of 30 November, 1936, on the check plaintiff gave in advancing the $500. The defendants on the other hand offered evidence tending to show and contended that no such agreement was made, and that plaintiff still owed the balance to defendant Abeyounis.

In the light of these facts and these contentions and regarding the second issue, the court charged the jury in compliance with the above principles as applicable to the facts as the jury should find them to be. Defendant, however, contends that the court erred in a portion of the charge on the *quantum* of proof required on this issue. When the detached portion of the charge to which exception is taken is read in connection with that which preceded and with that which followed, it is patent that the jury could not have misunderstood the rule that burden of proof was upon the plaintiff to satisfy the jury by the greater weight of the evidence.

3. Defendant Abeyounis also assigns as error the refusal of the court to submit issues tendered by him. The issues submitted are sufficient to present to the jury proper inquiries as to all determinative facts in dispute as well as to afford the parties opportunity to introduce all pertinent evidence and to apply it fairly. Hence, there is no error in refusing to

submit the issues so tendered.  *Hill v. Young, ante,* 114, 6 S. E. (2d), 830, and cases cited.

All other exceptions, after careful consideration, are likewise found to be without merit.  The case appears to have been fairly presented to the jury.  In the judgment thereon we find

No error.