FIRST CITIZENS BANK & TRUST COMPANY v. D. J. MARTIN (ALSO KNOWN AS
DAVID J. MARTIN) AND WIFE, MARILYN B. MARTIN

No. 7910SC73

(Filed 18 December 1979)

1. **Bills and Notes § 17; Mortgages and Deeds of Trust § 32— deficiency
judgment—one year statute of limitations—maker with no interest in mort-
gaged property**

   Only a party with an interest in mortgaged property may assert G.S.
   1-54(6) as a bar to an action for a deficiency judgment; therefore, defendants
   who were makers of the promissory note in question but who did not pledge
   any collateral as security could not raise the one year statute of limitations
   under G.S. 1-54(6) as a bar to plaintiff's action for a deficiency.

2. **Bills and Notes § 17; Limitation of Actions § 13— partial payment by one
obligor—new date for statute of limitations—no binding effect on co-
obligor—jury question**

   In an action to recover the balance due on a promissory note, a payment
   on the note by one defendant did not fix the date of payment as a new date
   from which the statute of limitations began to run against the second defend-
   ant unless the second defendant agreed to, authorized, or ratified the partial
   payment by the first defendant, and a material issue of fact remained for the
   jury with respect to this question. G.S. 1-27.

3. **Bills and Notes § 17— ten year statute of limitations—notes under seal—jury
question**

   In an action to recover the balance due on a promissory note where a cor-
   porate seal appeared but there was no seal after defendants' names, a material
   issue of fact was raised as to the intent of the parties to enter into a sealed in-
   strument, and the ten year statute of limitations of G.S. 1-47(2) was therefore
   not necessarily applicable.

APPEAL by defendants from *Godwin, Judge.* Order and judg-
ment entered 29 November 1978 in Superior Court, WAKE Coun-
ty. Heard in the Court of Appeals 26 September 1979.

Plaintiff bank sued defendants for the balance due on a prom-
issory note after foreclosure of a deed of trust on property secur-
ing the debt. Plaintiff alleged in its complaint, filed 10 February
1978, that on 20 July 1973 plaintiff loaned the defendants and In-
vestment Securities, Inc. (Investment) $125,000 in return for
which the defendants executed a six-month note which they also
endorsed on the back. As security for the note, Investment gave a
deed of trust on real property it owned in Durham County. De-

fendant David Martin made a partial payment on the note on 6 September 1974.

Upon the default of defendants and Investment on the note, plaintiff caused the deed of trust to be foreclosed, and the note was credited with the sum of $24,362. On 27 June 1975 Investment filed a voluntary petition for proceedings under Chapter X of the Federal Bankruptcy Act and on 27 August 1976 a plan of reorganization was confirmed by the Federal court, pursuant to which the sum of $17,604.70 was paid toward interest accruing on the note. As of 1 October 1978, there remained a balance of unpaid interest of $7,823.98 and principal in the amount of $100,000.

Defendants admitted the existence of the note and the balance due thereon, but denied they had signed the note as indorsers. Defendants also plead the statute of limitations under G.S. 1-54(6) and G.S. 1-52(1) as bars to plaintiff's claim. Defendants moved the trial court for judgment on the pleadings under G.S. 1A-1, Rule 12(c) and in the alternative under Rule 15 to amend their answer to assert G.S. 45-21.36 as an additional bar to plaintiff's action. Plaintiff moved under Rule 56 for summary judgment. From the trial court's denial of both of defendants' motions and the court's action granting plaintiff's motion for summary judgment, defendants appeal.

*Manning, Fulton & Skinner, by Thomas C. Worth, Jr., and Catherine C. McLamb, for plaintiff appellee.*

*Maupin, Taylor & Ellis, P.A., by Richard C. Titus and Richard M. Lewis, for defendant appellants.*

WELLS, Judge.

[1]  The first question we consider is whether defendants, who were makers of the promissory note but who did not pledge any collateral as security, may raise the one-year statute of limitations under G.S. 1-54(6) as a bar to plaintiff's action for a deficiency. G.S. 1-54 provides that an action must be brought within one year, "(6) For a deficiency judgment on any debt, promissory note, bond or other evidence of indebtedness after the foreclosure of a mortgage or deed of trust on real estate securing such debt, [or] promissory note. . . ." In the present action the plaintiff bank has sued only the two individual makers of the note for the deficiency

resulting after the foreclosure, and have not sued the corporate maker who was also the mortgagor of the property pledged as security. On its face the statute does not state whether it is available as a defense to a party liable as a maker on an underlying note who is not a mortgagor of the property on which the creditor has foreclosed.

We have found no case in this jurisdiction which defines the term "deficiency judgment" in a manner relevant to the situation at hand. Other jurisdictions are divided on the issue and some have held the term "deficiency judgment" applicable to all debtors while others have limited the term to mortgagors only. *See e.g., In re Development Co.*, 482 F. 2d 243 (3rd Cir. 1973); *Stretch v. Murphy*, 166 Or. 439, 112 P. 2d 1018 (1941); *Cameron Brown South, Inc. v. East Glen Oaks, Inc.*, 341 So. 2d 450 (La. App. 1976). We are bound to interpret the statute as we believe the General Assembly intended. *Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 250 S.E. 2d 250 (1979).

First adopted by the General Assembly in 1933, G.S. 1-54(6) was obviously intended to restrict the personal liability of debtors upon the foreclosure of property during the depression. 1933 N.C. Sess. Laws, ch. 529. *See*, 2 Glenn, Mortgages § 150, pp. 840-841 (1943); Osborne, Nelson and Whitman, Real Estate Finance Law § 8.3, pp. 528-529 (1979); Perlman, "Mortgage Deficiency Judgments During an Economic Depression," 20 Va. L. Rev. 771 (1934). In that same year the General Assembly adopted other legislation affecting deficiency judgments. A statute was adopted prohibiting actions for a deficiency in purchase money mortgages. G.S. 45-21.38.

The General Assembly also adopted an Act which allowed the mortgagee or other person with an interest in the mortgaged property to enjoin the sale of the collateral where the price offered was inadequate or inequitable. Where the property was purchased by the mortgagee, the mortgagor was permitted to show, as a defense to an action by the mortgagee for a deficiency, that the purchase price was less than the land's fair market value. 1933 N.C. Sess. Laws, ch. 275, presently codified as G.S. 45-21.36. This defense was explicitly granted only when the mortgagee sued "to recover a deficiency judgment against the mortgagor, trustor, or other maker of any such obligation *whose property has*

*been so purchased.* [Emphasis added.]" *Id.* From this Act it seems clear that the General Assembly intended to limit protection to those persons who held a property interest in the mortgaged property, and that such protection was not applicable to other parties liable on the underlying debt.

We also note that it has been the law of our State for many years that a creditor whose debt is secured by way of a mortgage or deed of trust has the choice of two actions: One, *in personam* for his debt; and the other *in rem* to subject the mortgaged property to its repayment—and a resort to one such action is no waiver of the other. *Silvey v. Axley*, 118 N.C. 959, 23 S.E. 933 (1896). *See also, Underwood v. Otwell*, 269 N.C. 571, 153 S.E. 2d 40 (1967). Under the explicit terms of the note in issue in the case at bar, each of the makers agreed to be liable for the entire debt. Under these circumstances plaintiff could have sued either or both of the defendants *in personam* for the entire balance owing prior to foreclosure on the mortgaged property, and of course, the deficiency statute of limitations would never have come into play.

We do not believe the individual defendants in this action should be allowed to assert the one-year statute of limitations for a deficiency judgment merely because the plaintiff elected to foreclose on the mortgaged property first. The mortgagor corporation is the only party to the note which has suffered a loss as a result of the foreclosure and it is the only party who we believe should have the right to assert the abbreviated statute of limitations of G.S. 1-54(6). Accordingly, we hold that only a party with an interest in the mortgaged property may assert G.S. 1-54(6) as a bar to an action for a deficiency judgment. We note that our holding is consistent with the general rule that a statute of limitations should not be applied to cases not clearly within its provisions. *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968); *Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 259 S.E. 2d 1 (1979).

[2] We now consider whether plaintiff's action is barred by the three-year statute of limitations for liability arising out of a contract or other obligation under G.S. 1-52(1). The parties agree that plaintiff's cause of action first accrued on 20 January 1974, the date the promissory note became due and payable. *Hall v. Hood*, 208 N.C. 59, 179 S.E. 27 (1935). *See also, Oil Co. v. Oil Co.*, 34 N.C. App. 295, 237 S.E. 2d 921 (1977).

While defendant David Martin admits that his partial payment of the note on 6 September 1974 extends the date of accrual of plaintiff's cause of action against him to that date, *Smith v. Davis*, 228 N.C. 172, 45 S.E. 2d 51 (1947), the date of accrual for defendant Marilyn Martin was not so extended. The 1953 General Assembly rewrote G.S. 1-27 so as to overrule previous case law extending the date of accrual for all co-obligors when partial payment was made by any one such obligor. 1953 N.C. Sess. Laws, ch. 1076. *See, e.g., Saieed v. Abeyounis*, 217 N.C. 644, 9 S.E. 2d 399 (1940); *Davis v. Alexander*, 207 N.C. 417, 177 S.E. 417 (1934); *Dillard v. Mercantile Co.*, 190 N.C. 225, 129 S.E. 598 (1925); *Moore v. Goodwin*, 109 N.C. 218, 13 S.E. 772 (1891); *Green v. Greensboro College*, 83 N.C. 449 (1880). Since the effective date of this amendment, a "payment by a joint obligor does not now fix the date of such acknowledgment or payment as a new date from which the statute begins to run unless such payment is authorized or ratified [by the other co-obligors]." *Pickett v. Rigsbee*, 252 N.C. 200, 206, 113 S.E. 2d 323, 328 (1960). *See also*, Note, "A Survey of Statutory Changes in North Carolina in 1953," 31 N.C. L. Rev. 375, 397-398 (1953).

Plaintiff maintains that defendant Marilyn Martin acceeded to such an extension of time in the body of the note. However, the note provides only that "the granting to the maker or makers of this note, or any other party, of any extension or extensions of time for payment of any sum or sums due hereunder . . . shall not in any way release or affect the liability of the maker or makers, endorser or endorsers of this note." This provision states only that the bank may extend the time of payment of the note for one maker without extending the time for payment for other makers. It is not, as plaintiff urges, an agreement by defendant Marilyn Martin that she acceeds to or acknowledges any partial payment made by a co-obligor. Since we find no conclusive evidence of the required authorization or ratification on her part in the record we hold that a material issue of fact remains with respect to this question.

On 11 July 1975 Judge Dupree entered an order in the Federal District Court enjoining the commencement of any action at law in any court against defendants David J. Martin and Marilyn B. Martin to take possession of any of the defendants' property, pursuant to the pending reorganization of Investment Securities, Inc. under Chapter X of the Federal Bankruptcy Act. This order remained in effect until 30 January 1976 when an

order was entered in that action terminating the previous restraining order. The effect of this Federal injunction was to toll the statute of limitations for plaintiff's action against both defendants for the 203 days the injunction was in effect. G.S. 1-23; *Highway Comm. v. Transportation Corp.*, 226 N.C. 371, 38 S.E. 2d 214 (1946).

[3] Accordingly, entry of summary judgment against defendant David Martin was proper under the three-year statute of limitations. However, even though the statute had been tolled during the period of the Federal injunction, the fact that we have held the date of accrual of plaintiff's cause of action against Marilyn Martin was not necessarily extended due to David Martin's partial payment of the note on 6 September 1974, a material issue of fact remains as to whether the three-year statute had run prior to plaintiff's commencement of the action against her. Thus, we now consider plaintiff's contention that the ten-year statute of limitations for an instrument under seal pursuant to G.S. 1-47(2) is applicable here.

The note in question was executed as follows:

Witness _____ signature and seal, the day and year above written.

ATTEST: _____

s / D. J. MARTIN
        Secretary

(Corporate Seal)

        INVESTMENT SECURITIES, INC.
        By: s / (Illegible)
        President

        s / MARILYN B. MARTIN
        s / D. J. MARTIN

        s / MARILYN B. MARTIN

        s / DAVID J. MARTIN (Illegible)

The word "(Seal)" does not appear after the defendants' signatures. While the individual defendants could have adopted the seal of the third obligor—the corporation—as their own, the

presence of three obligors and only one seal creates, "an ambiguity on the face of the document as to whether all of the signers intended to adopt the seal as their own." *Oil Corp. v. Wolfe*, 297 N.C. 36, 39, 252 S.E. 2d 809, 810 (1979). While we are aware that plaintiff's affiant, Jack Holt, stated in his affidavit that the notes executed by the Martins, "were intended to be and were understood by the parties to be sealed instruments," there is no basis given for this statement and it appears that this comment is a mere conclusion of Holt.

Similarly, defendant David Martin stated that he, "executed the note . . . not under seal," and it cannot be stated with certainty whether he was stating a legal conclusion or contending that at the time of execution he did not intend for the note to be under seal. That another note appears in the record which was executed by the defendants which does contain the word "(Seal)" next to defendants' signatures does not answer the question of what the parties intended with respect to the note presently under consideration. We are constrained to hold that a material issue of fact remains as to the intent of the parties to enter into a sealed instrument, and accordingly G.S. 1-47(2) is not necessarily applicable to the present action. This being the case, the trial court erred in concluding as a matter of law that the statute of limitations did not bar plaintiff's action against defendant Marilyn Martin, and summary judgment against her was improvidently granted.

Finally, we see no abuse of discretion in the trial court's action denying defendants' motion under G.S. 1A-1, Rule 15(a) to amend their answer. We have already held that G.S. 45-21.36 was not available as a defense to these non-mortgagor defendants.

We affirm the trial court's entry of summary judgment against defendant David Martin and reverse as to defendant Marilyn Martin.

Affirmed in part and reversed in part.

Judges ARNOLD and WEBB concur.